UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRELL DEVONTE AINSWORTH,<br><br>    Plaintiff,<br><br>    v.<br><br>MONTEREY COUNTY SUPERIOR COURT, et al.,<br><br>    Defendants. | Case No. 24-cv-03307-RFL (PR)<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

Plaintiff Tyrell Devonte Ainsworth is barred from bringing this 42 U.S.C. § 1983 action in forma pauperis because he has filed at least three federal actions (strikes) that were dismissed as frivolous, malicious, or on grounds that they failed to state a claim for relief. He was ordered to show cause why pauper status should not be barred, but he has not disputed the legitimacy of the three strikes and he has not shown that he was under imminent danger of serious physical injury at the time he filed his complaint. Accordingly, Ainsworth's IFP status is REVOKED and this federal civil rights action is DISMISSED without prejudice to Ainsworth bringing his claims in a new paid complaint.

### BACKGROUND

Ainsworth, a state prisoner and frequent litigant in federal court, filed this federal civil rights action under 42 U.S.C. § 1983, in which he alleges that employees of the Monterey County Superior Court and some other state actors (Jeff Macomber, the Secretary of the CDCR; and Xavier Becerra, the Attorney-General of California) violated his federal constitutional rights.

1

(Dkt. Nos. 1 and 17.)  He also filed a motion to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915, which was granted.  (Dkt. Nos. 2 and 15.)  However, it came to the Court's attention that he may not be eligible to proceed IFP.  Accordingly, he was ordered to show cause why the action should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

The order identified three prior federal court actions that appeared to count under section 1915(g) and allowed Ainsworth an opportunity to respond, as required by *Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005).  The order also informed Ainsworth that he could avoid dismissal by paying the filing fee by the deadline.

The strikes identified were:

1. *Ainsworth v. Frisco*, Case No. 2:18-cv-07682-PSG-AGR (C.D. Cal. Sept. 14, 2018) (order dismissing action as frivolous, malicious, or for failure to state a claim on which relief may be granted);

2. *Ainsworth v. Batsakis*, Case No. 2:23-cv-01281-PA-AGR (C.D. Cal. Feb. 27, 2023) (Doc. No. 4) (order dismissing action as frivolous, malicious, or for failure to state a claim on which relief may be granted);

    and

3. *Ainsworth v. Macombre, et al.*, Case No. 2:23-cv-04263-PA-AGR (C.D. Cal. July 24, 2023) (order dismissing action as frivolous or malicious.[1]

Ainsworth filed two separate responses to the order to show cause.  (Dkt. Nos. 21, 23.) He has not disputed in either response that the three actions identified above count as strikes

---

[1] The Southern District of California recently concluded that Ainsworth was barred from proceeding IFP because the three actions listed here constituted strikes within the meaning of section 1915(g).  *Ainsworth v. Macromber*, Case No. 24-cv-01482-AJB-AHG (S.D. Cal. Oct. 15, 2024).

within the meaning of section 1915(g).  Rather, he invokes the imminent danger exception.  He alleges that at the time that he filed the complaint he was housed at California Men's Colony ("CMC") in San Luis Obispo where prison guards placed him in danger by unlocking another prisoner's door and letting him attack Ainsworth.  (Dkt. No. 21 at 1-2.)  This is insufficient because there is no nexus between the alleged imminent danger (which occurred at CMC) and the complaint (which alleges misconduct by the Monterey Superior Court and by state actors not at CMC).  "The imminent danger exception to § 1915(g) requires a nexus between the alleged imminent danger and a prisoner's complaint."  *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022).  The factors are (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  *Id.* at 701.  Here, the allegations of imminent danger of serious physical injury are not fairly traceable to the unlawful conduct alleged in the complaint.  Also, a favorable judicial outcome would not redress the injuries at CMC because his claims are against persons in Monterey County and others who are not employed at CMC.  Ainsworth therefore has not shown that he meets the imminent danger exception of section 1915(g).

In sum, Ainsworth has not shown any reason that the restrictions of section 1915(g) should not be imposed.  He has failed to (i) pay the filing fee; (ii) show that any of the strikes do not qualify under section 1915(g); (iii) show that he qualifies for the imminent danger exception; or (iv) otherwise show cause why this action should not be dismissed.

## CONCLUSION

This federal civil rights action is DISMISSED without prejudice to Ainsworth bringing his claims in a new paid complaint.  His IFP status is REVOKED.

The Clerk shall enter judgment in favor of Defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:**  March 31, 2025

_____
RITA F. LIN
United States District Judge
